FILED

2010 Sep-22  PM 01:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| C.D. NORBERG & ASSOCIATES, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No. CV-08-S-02194-NE** |
| | ) | |
| MS DEALER SERVICE CORPORATION and UNITED SERVICE PROTECTION CORPORATION, as successor to MS DEALER SERVICE CORPORATION, | ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant's motion to strike.[1]  Defendant, United Service Protection Corporation ("USPC"), moves to strike the following individuals from the witness list of plaintiff, C.D. Norberg and Associates, Inc. ("Norberg"): Johnny Johnson, Brian Dobson, and Robert Cole.[2]  In a previous motion, USPC moved to strike an affidavit by Johnny Johnson, Norberg's purported expert witness, which was submitted in opposition to USPC's motion for partial

---

[1] Doc. no. 32.

[2] *Id.*; *see also* doc. no. 29 (plaintiff's witness list); doc. no. 31 (plaintiff's second amended witness list).

summary judgment.[3]  The court denied USPC's motion to strike Johnson's affidavit

as moot.[4]  As part of its argument that Johnson should be stricken from Norberg's

witness list, USPC reincorporates the assertions made in its previous motion.[5]  The

court will, accordingly, consider the parties' arguments in the current motion to strike

Johnson from Norberg's witness list, together with any relevant arguments in USPC's

previous motion that sought to strike Johnson's affidavit.

 A brief overview of the case is necessary to resolve the motion before the court.

 Norberg alleges that it entered into a contract with USPC under which Norberg

was to promote Guaranteed Asset Protection ("GAP") products on USPC's behalf.[6]

Under this alleged contract, Norberg would collect a commission for each GAP

product sold by a car dealer signed up under Norberg.[7]  In the event of an early

cancellation of the GAP product by the consumer, USPC would "chargeback" a

portion of Norberg's commission.[8]  Norberg claims, and USPC disputes, that USPC

---

[3] Doc. no. 27.

[4] Doc. no. 38, at 18 ("Because the court did not have to consider the affidavit of James Johnson in ruling on the partial motion for summary judgment, defendant's motion to strike that testimony is DENIED as moot.").

[5] Doc. no. 32, ¶ 7.

[6] Doc. no. 21, Exhibit A (deposition of C.D. Norberg as corporate representative of C.D. Norberg & Associates, Inc., hereinafter "Norberg Deposition"), at 153-56.

[7] Norberg Deposition, at 156.

[8] Norberg Deposition, at 183-84; *see also* doc. no. 1, Exhibit A (amended complaint), ¶ 20.

2

breached the parties' contract when it applied these chargebacks to Norberg's GAP commissions.[9]   Norberg  claims that it was unaware that USPC was applying chargebacks.[10]   In support of this assertion, Norberg cites the language "NO CHGBK," which was reflected on Norberg's monthly commission statements.[11] Norberg seeks to present testimony at trial from Brian Dobson and Robert Cole, both former USPC employees, that this language demonstrates that chargebacks were not applicable to Norberg's GAP commissions.[12]   Norberg also seeks to present evidence regarding insurance industry chargeback practices from its purported expert witness, Jimmy Johnson, the former deputy commissioner of the Alabama Department of Insurance.[13]

## I.  LAY WITNESSES ROBERT COLE AND BRIAN DOBSON

The court will first consider USPC's motion to strike Dobson and Cole from Norberg's witness list.  The Federal Rules of Civil Procedure provide, in pertinent part, that

a party must, without awaiting a discovery request, provide to the other

---

[9] *See* doc. no. 1, Exhibit A (amended complaint), ¶¶  26-28; *see also* doc. no. 20 (USPC's brief in support of its motion for partial summary judgment).

[10] Norberg Deposition, at 170-174; *see also* doc. no. 22, ¶ 32 (Norberg's brief in opposition to summary judgment).

[11] Norberg Deposition, at 167-168, 183.

[12] Doc. no. 34, at ¶¶ 7-8.

[13] Docs. no. 11, 24, and 29.  *See also* doc.  no. 44, Exhibit F (affidavit of Jimmy Johnson).

parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A).  These initial disclosures must occur "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ."  Fed. R. Civ. P. 26(a)(1)(C).  The parties in the present action conducted their Rule 26(f) meeting on March 6, 2009.[14]  In its March 23, 2010, motion to strike, USPC claims, and Norberg apparently does not dispute, that "[p]laintiff never served *any* Rule 26(a)(1) initial disclosures in this case."[15]  Despite a thorough review, the court is unable to locate an explanation offered by Norberg regarding its failure to provide at least *something* that might even colorably qualify as its initial disclosures.  Thus, it is undisputed that Norberg simply failed to comply with Rule 26(a)(1).

Norberg also neglected to identify Dobson and Cole in its interrogatory answers.  USPC propounded the following interrogatory to Norberg: "Identify each person you believe has knowledge or information concerning or relating to any of the

---

[14] Doc. no. 6.

[15] Doc. no. 32, ¶ 2 (emphasis added).

allegations, transactions, or occurrences at issue in the complaint in this case."[16]

Under the federal rules, "[e]ach interrogatory must . . . be answered separately and

fully in writing under oath."   Fed. R. Civ. P. 33(b)(3).   Federal Rule of Civil

Procedure 26(e) governs the parties' duty to supplement interrogatory responses.

That rule states:

> A party who has made a disclosure under Rule 26(a)—or who has
> responded to an interrogatory, request for production, or request for
> admission—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material
> respect the disclosure or response is incomplete or incorrect, and
> if the additional or corrective information has not otherwise been
> made known to the other parties during the discovery process or
> in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).  It is undisputed that Norberg did not list Cole or Dobson in

its response to the above-mentioned interrogatory.[17]  Norberg has made no argument

regarding its duty to supplement its response with the names of Cole and Dobson,

other than merely stating that: "Plaintiff will supplement its interrogatory answers to

be consistent with the witness list . . . ."[18]  Thus, Norberg does not dispute that its

interrogatory responses should have been supplemented, pursuant to Rule 26(e), to

---

[16] Doc. no. 32, Exhibit A, ¶ 1 (plaintiff's interrogatory responses).

[17] *See* doc. no. 32, Exhibit A, ¶ 1 (plaintiff's interrogatory responses).

[18] Doc. no. 34, ¶ 11.

include the names of Cole and Dobson.

USPC, accordingly, seeks to strike Dobson and Cole from Norberg's witness list pursuant to Federal Rule of Civil Procedure 37(c)(1).  That Rule provides, in pertinent part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, *unless the failure was substantially justified or is harmless*.

*Id.* (emphasis added).  "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009) (quotation marks and citations omitted).  The court has broad discretion in determining whether Norberg's disclosure failures were substantially justified or harmless under Rule 37(c)(1).  *See, e.g., Hearn v. McKay*, 603 F.3d 897, 903 (11th Cir. 2010) (reviewing for abuse of discretion the district court's decision regarding whether failure to disclose witness was harmless or substantially justified under Rule 37(c)(1) and declining to "second guess" district court).

Norberg alleges that its failure was substantially justified because it did not learn of Cole or Dobson until after the discovery deadline.[19]  Norberg deposed James

---

[19] *See* doc. no. 34, at 2-4.

Atkinson, the corporate representative of USPC, on December 8, 2010, ten days before the parties' discovery deadline.[20]   At that deposition, Atkinson testified that the "NO CHGBK" language on Norberg's commission statements did not actually represent that chargebacks were inapplicable to Norberg's GAP commissions.[21]   The language, according to Atkinson, was merely an incomplete code on the commission form.[22]   Norberg claims that "Atkinson's deposition was the first time that Plaintiff became aware that Defendant would take the position that the 'no charge back' on the compensation statements given to Plaintiff had nothing to do with the GAP product sold by Plaintiff."[23]   It then allegedly began its investigation "with respect to internal procedures of Defendant" and located Cole and Dobson, both former USPC employees who supposedly can provide testimony contradictory to that of Atkinson regarding the significance of the "NO CHGBK" notations.[24]   Norberg located  Cole in "the middle of December 2009" and Dobson in "the latter part of January 2010."[25]   According to Norberg, its late discovery of Cole and Dobson provides substantial

---

[20] *Id.*, ¶ 4.

[21] Doc. no. 34, Exhibit C (deposition excerpt of James Atkinson).  *See* also *id.*, ¶ 5.

[22] Doc. no. 34, Exhibit C (deposition excerpt of James Atkinson).

[23] *Id.*, ¶ 6.

[24] *Id.*, ¶ 7.

[25] *Id.*, Exhibit A, ¶  4 (affidavit of C.D. Norberg).

justification for Norberg's disclosure failures.[26]

The court is skeptical of Norberg's assertion that it did not learn of USPC's position regarding the meaning of the "NO CHGBK" notations on Norberg's commission statements. This is especially true given the correspondence between Norberg and USPC that Norberg attached to *its own complaint*.[27] Specifically, Norberg attached to its complaint a letter addressed to Norberg's counsel, dated March 14, 2007, in which Assurant, Inc., on behalf of USPC, states as follows: "While the coverage description does use the terms 'no chargeback,' the entire language in this field is not displayed and the column is intended to indicate a period of time for which no chargeback would be made, e.g., for the first 90 days."[28] Thus, Norberg had reason to know of USPC's position well before the Atkinson deposition. The court also finds it difficult to conceive precisely why Norberg would need Atkinson's testimony to prompt it to investigate "the internal procedures of Defendant."[29]

Regardless, Norberg has not met its burden of demonstrating that its violations of Rule 26(a) and (e) were substantially justified. Norberg did not notice the

---

[26] *Id.*, at 3-4.

[27] *See* Doc. no. 1, Exhibit A (Exhibit 9 to plaintiff's complaint).

[28] *Id.*

[29] Doc. no. 34, ¶ 7.

deposition of the sole remaining defendant in this action until December 1, 2009, seventeen days before the parties' *twice extended* discovery deadline.[30]   That deposition took place on December 8, 2009, and it was on this date that Norberg allegedly learned it needed more time to conduct discovery.[31]   Norberg had ten days to bring a motion before this court to extend the December 18, 2009 discovery deadline, a measure with which Norberg is clearly familiar given its two previous motions to extend deadlines in this case.[32]   On this occasion, however, no motion was filed.   Moreover, Norberg claims it learned of Cole in December and Dobson in January.[33]   Despite ample time to do so, Norberg failed to supplement its discovery responses in order to provide USPC with notice of these individuals.   The names of Cole and Dobson appeared for the first time in this case on Norberg's witness list, which Norberg filed in March 2010.[34]   Norberg has offered no explanation for its failure to supplement its discovery responses or request an extension to conduct further discovery, and the court declines to make excuses on its behalf.   Norberg's failure to comply with Rule 26(a) and (e) was, accordingly, not substantially justified

---

[30] *See* docs. no. 17, 28, 34.

[31] Doc. no. 34, ¶¶ 4, 6.

[32] On July 20, 2009, Norberg filed a motion to extend the discovery and expert disclosures deadlines.  Doc. no. 9.  Norberg, again, along with USPC, filed a motion to extend discovery deadlines on November 23, 2009.  Doc. no. 15.

[33] Doc. no. 34, Exhibit A, ¶ 4.

[34] Docs. no. 29, 31.

within the meaning of Rule 37(c)(1).

The remaining inquiry with respect to Cole and Dobson is whether Norberg's disclosure inadequacies were harmless. *See* Fed. R. Civ. P. 37(c)(1). Norberg's failure to comply with Rule 26(a) and (e) deprived USPC of an opportunity to conduct discovery as to Cole and Dobson, and USPC is obviously disadvantaged as a result. In its response to USPC's motion to strike, Norberg asserts that "discovery should be extended to allow depositions of [Cole and Dobson] to be taken."[35] To the extent that this statement may be construed as an argument by Norberg that more discovery will render its disclosure failures harmless, the court agrees with the Northern District of Georgia in *ChemFree Corp. v. J. Walter, Inc.*, 250 F.R.D. 570 (N.D. Ga. 2007). In considering a similar argument, that court stated: "Extensions of deadlines cannot be the answer to every late disclosure of information. Enough time and money will eventually cure any prejudice caused by late disclosure of information, but that will not result in the just, speedy and inexpensive determination of every action." *Id.* at 574 (internal quotation marks and citations omitted). Norberg filed this action on October 20, 2008, and since that time this court has twice extended discovery deadlines.[36] The only permissible direction for this case to move

---

[35] Doc. no. 34, ¶ 11.

[36] *See* doc. no. 1 (complaint); Order Entered on July 22, 2009 (granting in part plaintiff's motion for an extension); Order Entered on November 23, 2009 (grating parties' joint motion for extension).

is forward and, accordingly, the discovery period will not be re-opened. Norberg's violations of Rule 26(a) and (e) with respect to Brian Dobson and Robert Cole were neither substantially justified, nor harmless. Both individuals are hereby stricken from Norberg's witness list pursuant to Federal Rule of Civil Procedure 37(c)(1).

## II.  EXPERT WITNESS JOHNNY JOHNSON

Last is the matter of Norberg's purported expert witness, Johnny Johnson.[37] Federal Rule of Civil Procedure 26 requires a party to disclose the identity of any expert witness it may use at trial and, "[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report. . . ."  Fed. R. Civ. P. 26(a)(2)(B).  The party must "make these disclosures at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(C).  "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, *compliance with the requirements of Rule 26 is not merely aspirational*."  *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (emphasis supplied).

On March 17, 2009, the court entered a scheduling order that established the parties' deadlines for expert disclosures.[38]  That order specifically required that

---

[37] As noted at the outset of this memorandum opinion and order, the court will consider the parties' arguments in the present motion alongside those detailed in USPC's previous motion to strike the affidavit of Johnny Johnson.  *See* doc. no. 27.

[38] Doc. no. 8, ¶ 4.

Norberg submit "a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert" on or before July 20, 2009.[39]  On the exact day that Norberg's expert disclosures were due, it filed a motion to extend the deadline.[40]  The court granted that motion in part and extended Norberg's deadline to September 20, 2009.[41]  On September 21, 2009, Norberg filed its expert disclosure in which it listed Johnson, but it failed to include an expert report as required by the federal rules.[42]  Thus, Norberg provided only a partial expert disclosure, and even that was filed after the deadline set by order of this court, which already reflected an extension for the purpose of accommodating Norberg.  Even though USPC had Johnson's name, it elected not to depose him because "Norberg's counsel stated that they had decided not to use any experts in this case."[43]  Norberg, nevertheless, submitted an affidavit

---

[39] *Id.*

[40] Doc. no. 9.

[41] *See* Order Entered on July 22, 2009 ("Plaintiff's deadline for expert disclosures is 9/20/2009.").

[42] *See* doc. no. 11.  Plaintiff's expert disclosure stated, in its entirety, as follows:

> Mr. Johnny Johnson, whose address is 1221 Chatterson Circle, SE Huntsville, Alabama 35802, telephone 334-669-0216, will testify that it is the custom and practice in the insurance industry that when an agent is paid a flat commission, that no charge backs are applied to that account.

> His report will be supplemented when he has an opportunity to review and analyze defendants' documents which have not been produced.

*Id.*

[43] Doc. no. 27, ¶¶ 3, 5.

12

by Johnson along with its opposition to USPC's motion for partial summary judgment, and it further included Johnson's name on its witness list for trial.[44]

USPC seeks to strike Johnson from Norberg's witness list, like Cole and Dobson, pursuant to Rule 37(c)(1).[45]   Norberg does not dispute that it failed to provide to USPC an expert report, as required by Rule 26(a)(2)(B).[46]   Instead, it argues that Johnson should not be excluded because its failure to make a full disclosure was substantially justified and harmless under the circumstances.[47] Norberg argues that its failure to produce an expert report was harmless because it provided Johnson's name and, therefore, "Defendant was obviously not blindsided."[48] Norberg has also noted its willingness to re-open discovery to provide USPC with an opportunity to depose Johnson.  As previously discussed, however, this case has been pending too long, with deadlines already extended twice, and this court, accordingly, will not allow additional discovery simply in order to render harmless a blatant disclosure violation.  Whatever the value of Norberg's disclosure of Johnson's name, it was undone by Norberg's representation to USPC that it would not use experts in this case.  USPC had no reason to depose Johnson and, without a report, no

---

[44] *See* doc. no. 29, at 2; doc. no. 23, Exhibit F (affidavit of Johnny Johnson).

[45] Doc. no. 32.

[46] Doc. no. 28.

[47] *See* docs. no. 28, 34.

[48] Doc. no. 28, ¶ 11.

information upon which to retain its own expert, a person whom Norberg, no doubt, would also want to depose.  In sum, Norberg's failure to provide a written expert report was not harmless within the meaning of Rule 37(c)(1).

The sole remaining issue in this matter, therefore, is whether Norberg's disclosure failure was substantially justified.  *See* Fed. R. Civ. P. 37(c)(1).  To that end, Norberg alleges that it requested certain documents from USPC on December 1, 2009.[49]  According to Norberg, "Mr. Johnson's relevancy to the proceedings was not apparent to Plaintiff's counsel until after the production by Defendant of the [requested documents]."[50]  This sudden revelation, according to Norberg, constitutes substantial justification for its failure to produce an expert report.[51]  In support of its argument, Norberg cites *Murray v. Holiday Isle, LLC*, No. 07-0771-WS-M, 2009 U.S. Dist. LEXIS 37916 (S.D. Ala. May 1, 2009).  In *Murray*, as Norberg points out, the district court permitted the plaintiffs to present evidence from a witness at trial despite the plaintiffs' failure to identify that witness in initial disclosures or to supplement the same.  *Id.* at *7.  What Norberg omits from its analysis, however, is that court found it harmless to permit the testimony of a *lay witness* who, according to the Southern District of Alabama court, "appear[ed] to be no more than a bit player

---

[49] Doc. no. 28, ¶¶ 12-14.

[50] *Id.*, ¶ 10.

[51] *Id.*

14

in [the] tale." *Id*. Johnson is not only a purported expert witness, but, if allowed, he

would be the *only* expert witness and obviously more than a "bit player." The court

is, accordingly, unconvinced that *Murray* has any application at all to the present

action.

The Eleventh Circuit's decision in *Reese v. Herbert*, 527 F.3d 1253 (11th

2008), on the other hand, is directly relevant to Norberg's argument. In *Reese*, the

plaintiff, like Norberg, failed to timely disclose its expert's report. *Id.* at 1264. The

court rejected the plaintiff's contention that the mere name of the expert should

suffice, and stated: "Disclosure of expert testimony within the meaning of the federal

rule contemplates not only the identification of the expert, but also the provision of

a written report containing a 'complete statement of all opinions' and the 'basis and

reasons therefor.'" *Id.* at 1265 (quoting Fed. R. Civ. P. 26(a)(2)(B)). In considering

the plaintiff's proffered excuse that certain documents were necessary prior to

preparing a report, the court concluded that the expert could have rendered an opinion

based upon the facts then available. "If those assumptions subsequently turned out

to be erroneous, [the expert] could have supplemented the report at a later time." *Id.*

at 1266. "Morever, *at a minimum*, [plaintiff] could have filed a motion to extend the

discovery period so as to permit a proper disclosure. He offered no excuse for failing

to do so." *Id.* (emphasis added). Accordingly, the Eleventh Circuit concluded that

"the failure to comply with Rule 26(a) was both unjustified and harmful to the defendants," and it affirmed the district court's exclusion of the expert's testimony under Rule 37(c)(1). *Id*.

Norberg's failure to provide USPC with an expert report pursuant to Rule 26(a)(2)(B) was equally unjustified. In its partial expert disclosure, dated September 21, 2009, Norberg stated that Johnson's "report will be supplemented when he has an opportunity to review and analyze defendants' documents which have not been produced."[52] Interestingly, Norberg's *current excuse* for its failure to produce a report stems from a document request that it did not make, by Norberg's own admission, until December 1, 2009, seventeen days before the discovery deadline and well after the expert disclosures deadline.[53] Even after these new documents supposedly made Johnson's relevancy to the present case apparent, a proposition that the court is reluctant to accept, Norberg failed to supplement its expert disclosure with a written report. Yet Norberg found time to assemble an affidavit by Johnson in support of its opposition to USPC's motion for partial summary judgment.[54] As the Eleventh Circuit noted in *Reese*, "compliance with the requirements of Rule 26 is not merely aspirational." *Reese*, 527 F.3d at 1266. Merely providing Johnson's

---

[52] Doc. no. 11.

[53] *See* doc. no. 28, ¶¶ 1, 10.

[54] *See* doc. no. 23, Exhibit F (affidavit of Johnny Johnson).

16

name did not discharge Norberg's duty to provide USPC with a written report.  Like the plaintiff in *Reese*, Norberg, at a minimum, should have filed a motion with this court to extend discovery. *See id.*  Instead, Norberg waited until just before the twice-extended discovery deadline came due to request documents upon consideration of which it allegedly determined that an expert was necessary, and it then remained silent, refusing to produce written disclosures as required by Federal Rule of Civil Procedure 26(a)(2)(B).  This was neither harmless nor substantially justified.  Accordingly, Johnny Johnson is hereby stricken from Norberg's witness list pursuant to Federal Rule of Civil Procedure 37(c)(1).

### III.  CONCLUSION AND ORDERS

In accordance with the foregoing, defendant's motion to strike is GRANTED.  Pursuant to Federal Rule of Civil Procedure 37(c)(1), the following individuals are hereby STRICKEN from plaintiff's witness list: Johnny Johnson, Brian Dobson, and Robert Cole.  Plaintiff may not  present evidence from any of these witnesses at trial.

DONE this 22nd day of September, 2010.

_____
United States District Judge

17